(No. 83-CC-1524-)

THE COUNTY OF RANDOLPH, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Order filed May 13, 1983.*

WILLIAM A. SCHUWERK, JR., for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming to be heard on the Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that the record in this cause establishes that this is a claim by Randolph County for reimbursement for numerous petitions for writs of *habeas corpus* by inmates of institutions located in Randolph County, Illinois, which petitions were presented to the circuit court of Randolph County, Illinois, and that these petitions are filed by inmates who are not residents of Randolph County, State of Illinois, at the time of their commitment and were not committed by any court of the County of Randolph.

The County of Randolph, Illinois, has situated within its borders the Chester Mental Health Center and the Menard Correctional Center. Section 27.1 of the Clerks of Courts Act (Ill. Rev. Stat., ch. 25, par. 27.1) provides that the fee for the clerk of the circuit court shall be $40.00 as to each petition for writ of *habeas corpus* filed with such clerk. There were 34 of such writs filed on or subsequent to March 17, 1982. Section 8 of "An Act concerning fees and salaries" (Ill. Rev. Stat., ch. 53, par. 8) provides that the fee of the State's attorney shall be $25.00 for each day actually employed in the hearing of a case of *habeas corpus* in which the People of the State of Illinois are interested. The total number of days was 34.

Section 1 of "An Act in relation to . . . county law libraries" (Ill. Rev. Stat., ch. 81, par. 81) provides that a fee of $2.00 shall be charged for each civil case when a pleading is filed to defray the cost of the law library. The total number of such filings was 34.

Section 1 of "An Act to provide for (re)imbursement of counties . . . for expenses . . . incurred in habeas corpus proceedings" (Ill. Rev. Stat., ch. 65, par. 37) provides that the State of Illinois, through the Court of Claims, shall assume and pay to each county the necessary expenses incurred by it and its officers, either by means of service rendered or otherwise, by reason of court proceedings in such county involving petitions for writs of *habeas corpus* by such inmates as above alleged; that this claim is presented in accordance with said section of said statutes.

The claim of County of Randolph against the State of Illinois for these necessary expenses as set forth above amounts to the sum of $1,357.00.

It is hereby ordered, that the Claimant, County of Randolph, be awarded, in full accord and satisfaction of any and all claims presented to the State of Illinois under the above captioned cause, the sum of $1,357.00 (one thousand three hundred fifty seven and 00 dollars).